IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON C. J., ) | |
| ) | No. 19 C 4049 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Aaron C. J. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the ALJ's decision.

### Background

Plaintiff received supplemental security income ("SSI") benefits as a child, but when he turned eighteen in 2014, the Commissioner determined that he was ineligible for benefits as an adult. (R. 204-16.) Plaintiff requested reconsideration of the ineligibility determination, which, after an informal hearing, was denied. (R. 238-50.) On January 26, 2016, plaintiff appealed the determination. (R. 254.)

On May 19, 2014, shortly after he turned eighteen, plaintiff filed an application for child disability benefits ("CDB"), which was denied initially and on reconsideration. (AR 336-38.)

A hearing on plaintiff's appeal of the denial of his SSI and CDB claims was scheduled for December 15, 2016. (R. 297.) Plaintiff appeared without counsel, and though there is no transcript of that hearing, the record shows that it was postponed so he could obtain representation. (R. 308.)

On June 27, 2017, a hearing on plaintiff's SSI and CDB claims was held by an Administrative Law Judge ("ALJ"). (R. 996-1028.) Once again, plaintiff had no counsel. (R. 1001-02.)

On May 11, and 16, 2018, respectively, the ALJ denied plaintiff's claims. (R. 13-39.) The Appeals Council declined review (R. 6-8), leaving the ALJ's decisions as the final decisions of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals

any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

Plaintiff first argues that the ALJ failed to obtain from him a valid waiver of his statutory right to counsel. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (a claimant has a right to be represented by counsel at a disability hearing). A waiver of counsel is valid if the ALJ explains to the claimant: "(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Id.* Plaintiff says there is no evidence that he validly waived his right to counsel.

On the contrary, the record shows that plaintiff repeatedly received notices of his right to representation and he waived that right. (*See* R. 255-63 (2/29/16 notice); 272-80 (3/3/16 notice); 286-93 (3/10/16 notice); 297-303 (10/11/16 notice); 306 (plaintiff's 10/18/16 acknowledgment of receipt of notice); 308 (12/15/16 acknowledgment of [hearing] postponement in order to obtain representation; 309-16 (3/20/17 notice); 329 (6/26/17 waiver of representation); 1001-02 (ALJ obtaining waiver from plaintiff).

Despite this evidence, plaintiff argues that his waiver was not valid because the ALJ did not comply with the requirements set forth in the agency's internal guidelines known as HALLEX. *See* HALLEX § I-2-1-80, *available at* https://www.ssa.gov/OP_Home/hallex/I-02/I-2-1-80.html

3

(last visited Nov. 18, 2020) (requiring the ALJ to orally advise a claimant of his right to representation at the hearing and suggesting that the ALJ ask whether the claimant received the hearing acknowledgement letter and its enclosures and understood the information about representation). Plaintiff says there is no evidence that he received and understood the information about representation in the first hearing because it was not recorded and the transcript of the second hearing shows that the ALJ did not ask the HALLEX-suggested questions.

Even without a transcript, however, it is reasonable to assume from plaintiff's signature on the form postponing the first hearing so he could obtain counsel that the ALJ did, in fact, advise plaintiff of his right to counsel during that hearing. (*See* R. 308.) Moreover, though the ALJ did not ask the HALLEX-suggested questions during the second hearing, the Seventh Circuit has refused to characterize such an omission as error. *See Jozefyk v. Berryhill*, 923 F.3d 492, 497 (7th Cir. 2019) (per curiam) (stating that "written notice adequately apprises a claimant of his right to counsel" and declining "to expand an already demanding waiver standard by requiring the ALJ to recite admonishments that the agency's own regulations do not require").[1]

Plaintiff also argues that his waiver was invalid because the ALJ did not determine that he could make an informed choice about waiving representation. As discussed above, however, the Seventh Circuit identified the requisites for a valid waiver in *Binion* and *Jozefyk*, and they were met here. The Seventh Circuit does not, as plaintiff seems to suggest, require an ALJ to obtain a psychological exam of a claimant before accepting his representation that he waives counsel.

The Court also rejects plaintiff's claim that the ALJ erred by failing to ask plaintiff if he needed another postponement to obtain counsel. Plaintiff does not cite any authority for the notion

---

[1] In fact, the Seventh Circuit has not decided whether HALLEX creates any enforceable rights. *See Dean v. Colvin*, 585 F. App'x 904, 905 (7th Cir. 2014).

4

that an ALJ must offer a second hearing postponement to a claimant who says he is "prepared to go forward with the hearing" without counsel present. (R. 1001.) Thus, the ALJ's failure to make such an offer was not error.

Plaintiff also argues that the ALJ failed to develop a full and fair record, as he was required to do. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (noting an ALJ's "enhanced" duty to develop the record when a claimant appears pro se). The Seventh Circuit "generally upholds the reasoned judgment of the Commissioner on how much evidence to gather, even when the claimant lacks representation." *Id.* Thus, there must be a prejudicial omission for the Court to find that Commissioner failed to develop the record fully and fairly. *Id.*

The omission plaintiff cites here is the absence of testimony from plaintiff's grandmother, who would have "provided detailed and clearer testimony about matters such as why [plaintiff] needed help with his daily activities and how his difficulties with comprehension, processing information, and concentration affected him." (Pl.'s Mem., ECF 15 at 12.) But plaintiff testified about the help he received from his grandmother (R. 1015-16) and she completed his function report (R. 367-74). Because the record contains evidence about plaintiff's interactions with his grandmother, the ALJ's failure to obtain her testimony was not error.

Plaintiff's last argument is that the ALJ's RFC is not supported by substantial evidence because it does not account for plaintiff's need for redirection and clarification. The record shows that plaintiff: (1) required "teacher prompts" and redirection to stay on task in school; (2) "need[s] constant[] encouragement to do things" at home; (3) said it would be hard for him to stay on task in a workplace; and (4) had occasional difficulty understanding questions posed by the consultative examiner and the ALJ. (R. 184, 361, 367, 738, 782, 1009; *see generally* R. 1005-27.) However, the record also shows that the ALJ considered this evidence but agreed with the agency medical

5

reviewer that, despite his limitations, plaintiff "retains the ability to follow simple directions and do simple tasks on a sustained basis." (R. 20-22, 35-37, 775, 777.) Though the Court might have reached a different conclusion, we cannot say that the ALJ's decision is not supported by substantial evidence.

## Conclusion

For the reasons stated above, the Court affirms the ALJ's decision, grants the Commissioner's motion for summary judgment [46], and terminates this case.

**SO ORDERED.**                                    **ENTERED: November 18, 2020**

**M. David Weisman**
**United States Magistrate Judge**